IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERIC PALMORE, # 282832,        *
                               *
      Plaintiff,               *
                               *
vs.                            *  CIVIL ACTION NO. 20-00262-TFM-B
                               *
ADOC CERT TEAM, *et al.*,      *
                               *
      Defendants.              *


## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Eric Palmore, an Alabama state prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to procced without prepayment of fees. (Docs. 1, 2). This action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (Doc. 3).

Palmore's motion to proceed without prepayment of fees was granted (Doc. 4); thus, the Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] In an order dated July 28, 2020, the Court found that Palmore's complaint, as drafted, is deficient,

_____

[1] Section 1915(e)(2)(B) requires a district court to dismiss the case of a party proceeding *in forma pauperis* "at any time" if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

and ordered Palmore to file an amended complaint correcting the pleading deficiencies identified by the Court by August 28, 2020. (Doc. 6 at 1-8). Palmore was cautioned that failure to file an amended complaint within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's order. (Id. at 8-9).

A review of the docket reflects that Palmore has not filed an amended complaint as directed, nor has he offered any explanation for his failure to comply with the Court's order or requested additional time to comply with the order. Further, the Court's order dated July 28, 2020 has not been returned to the Court as undeliverable, and the Alabama Department of Corrections' website reflects that Palmore remains incarcerated at the same facility where he was housed when he initiated this action. See http://www.doc.state.al.us/InmateHistory; (Doc. 1 at 7-8).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2] "In addition to its power under Rule 41(b), a court

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In this case, Palmore has made no attempt to comply with the Court's order, nor has he sought additional time in which to respond to the Court's order.  His lack of action strongly suggests that he has lost interest in this action.  In light of Palmore's inaction and failure to even acknowledge receipt of the order, and upon consideration of the alternatives available to the Court, it is recommended that this action be **DISMISSED**[3] pursuant to Rule

---

[3] In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  As Palmore's action is based on events that allegedly occurred on July 19, 2018 (see Doc. 1 at 4), a dismissal will have the effect of precluding him from re-filing his claims because the statute of limitations has expired.  "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam) (citing Justice v. United States, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993)).  If the dismissal of this

41(b). As noted *supra*, the order directing Palmore to file an amended complaint was not returned to the Court as undeliverable, and the record reflects no attempts by Palmore to comply with the order or explain why he is unable to do so. Moreover, Palmore was specifically warned that this action would be dismissed if he failed to file an amended complaint within the time allotted by the Court. In light of the foregoing, the Court concludes that Palmore's failure to comply with the Court's July 28, 2020 order constitutes willful misconduct, and that lesser sanctions will not suffice to induce Palmore's compliance with the directives of the Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

---

action is effectively with prejudice, dismissal is nevertheless appropriate because Palmore's failure to file an amended complaint as ordered constitutes willful misconduct, and lesser sanctions will not suffice to correct such conduct.

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **21st** day of **September, 2020.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**